U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 28 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JIMMIE MCMORRIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:16-CV-964-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Jimmie McMorris, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings and relief sought by Petitioner, the court has concluded that the petition should be dismissed as time barred.

**I. Factual and Procedural History**

On April 11, 2011, in the 371st District Court of Tarrant County, Texas, Case No. 1177999D, a jury found petitioner guilty on two counts of sexual assault. (Clerk's R. 151-54.) Petitioner appealed his convictions, but the Eighth District Court of Appeals of Texas affirmed the trial court's judgments and, on June 12, 2013, the Texas Court of Criminal Appeals refused

petitioner's petition for discretionary review. (Op. 18; Pet. 3.) Petitioner did not seek writ of certiorari in the United States Supreme Court. (Pet. 3.) On June 9, 2014,[1] Petitioner filed his first of two postconviction state habeas-corpus applications challenging his convictions, which was denied by the Texas Court of Criminal Appeals on February 11, 2015, without written order on the findings of the trial court. (WR-84,656-01 18 & Action Taken.) The second, filed on June 14, 2016, was dismissed as a subsequent application on August 3, 2016. (WR-84,656-02 18 & Action Taken.) Petitioner filed this federal habeas-corpus petition challenging his state-court convictions on October 3, 2016.[2] (Pet. 10.)

## II. Issues

In five grounds for relief, Petitioner claims that (1) he is actually innocent; (2) he was denied due process during the police investigation; (3) there was "no evidence on each essential element of the offense"; (4) the state engaged in prosecutorial misconduct; and (5) the state habeas court erred and abused its discretion by not granting an evidentiary hearing

---

[1] Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date petitioner placed it in the prison mailing system, however he signed the document on June 9, 2014. (WR-82,656-01 18.) Thus, for purposes of this opinion the application is deemed filed on that date.

[2] Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

to resolve his ineffective-assistance-of-counsel claim. (Pet. 6-7 & Insert.)

### III. Statute of Limitations

Respondent asserts that the petition is untimely under the federal statute of limitations. (Resp't's Preliminary Answer 4-10.) Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period began to run as to Petitioner's first four grounds involving events occurring before or during trial on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's convictions became final upon expiration of the time that he had for filing a petition(s) for writ of certiorari in the United States Supreme Court on September 10, 2013. *Id.* § 2244(d)(1)(A); *Jimenez v. Quarterman,* 565 U.S. 134, 119-20 (2009); Sup. Ct. R. 13. Therefore, the statute of limitations began to run the following day and closed one year later on September 10, 2014, absent any tolling.

Petitioner's first state habeas-corpus application, pending from June 9, 2014, through February 11, 2015, operated to toll the limitations period under the statutory provision in § 2244(d)(2) for 248 days. As a result, petitioner's federal petition was due on or before May 16, 2015. However, petitioner's second state habeas-corpus application filed on June 14, 2016, after limitations had already expired, did not operate to further toll the limitations period under the statutory provision. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition is untimely as to grounds one through four unless

4

petitioner is entitled to tolling as a matter of equity.

Under subsection (D), the limitations period commenced as to petitioner's fifth ground involving a matter relevant to the first state habeas-corpus proceeding on the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. For purposes of this provision, petitioner could have learned that a live evidentiary hearing would not be conducted in his first state habeas proceeding, at the latest, when the application was denied by the Texas Court of Criminal Appeals on February 11, 2015. Therefore, the limitations period began to run the following day and closed one year later on February 11, 2016, absent any tolling. Petitioner's second state habeas-corpus application, filed on June 14, 2016, after limitations had already expired, did not operate to toll the limitations period under the statutory provision. *See Scott*, 227 F.3d at 263. Thus, the petition is untimely as to ground five unless petitioner is entitled to tolling as a matter of equity.

For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition or he can make a "convincing showing" that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v.*

5

*DiGuglielmo,* 544 U.S. 408 (2005)). A petitioner attempting to make a showing of actual innocence is required to produce "new reliable evidence" that was not presented at trial and that is sufficient to persuade the district court that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *McQuiggin,* 569 U.S. at 399 (quoting *Schup v. Delo,* 513 U.S. 298, 327 (1995)). Petitioner makes no such showing. He did not address the issue in his form petition nor did he submit a reply brief explaining his delay.

Accordingly, Petitioner's federal petition was due on or before May 16, 2015, as to grounds one through four and on or before February 11, 2016, as to his fifth ground. Petitioner's petition filed on October 3, 2016, is therefore untimely as to all grounds.

For the reasons discussed, it is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, DISMISSED as time barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED March **28**, 2018.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE